UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLYANN McKENZIE,

                Plaintiff,

-against-

CRAIG BROWN,

                Defendant.

1:24-CV-6812 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kellyann McKenzie, of Huntington, Massachusetts, brings this *pro se* action under the court's diversity jurisdiction, seeking damages. She sues Craig Brown, whom she describes as the father of her child,[1] and whom, she alleges, resides in Brooklyn, Kings County, New York. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, court submissions that refer to a minor child may only do so by using the child's names initials, and to a person's date of birth by using the person's birth year. Fed. R. Civ. P. 5.2(a)(2), (3). In her complaint, Plaintiff reveals the full name and complete date of birth of her minor child. Thus, in an abundance of caution, the Court has directed the Clerk of Court to limit electronic access to the complaint to a "case participant-only" basis.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that Brown resides in Brooklyn, Kings County, New York (ECF 1, at 4-5), which lies within the Eastern District of New York,[2] see 28 U.S.C. § 112(c). Thus, the United States District Court for the Eastern District of New York, not this court, is a proper venue for this action under Section 1391(b)(1). In addition, because Plaintiff alleges that the events that are the bases for her claims occurred in St. Albans, Queens County, New York (ECF 1, at 5), which also lies within the Eastern District of New York, see § 112(c), the United States District Court for the Eastern District of New York is also a proper venue for this action under Section 1391(b)(2). As Plaintiff does not allege that any of the events that are the bases for her claims occurred within this judicial district, this court is not a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The defendant resides in the Eastern District of New York and the alleged events that are the bases for Plaintiff's claims also occurred within that judicial district. Accordingly, venue lies in the United States District Court for the Eastern

---

[2] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. See 28 U.S.C. § 112(b).

District of New York, see § 1391(b)(1), (2), and, in the interest of justice, this Court transfers this action to that court, see § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. See 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 12, 2024
         New York, New York

                                                        /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                                       Chief United States District Judge